UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

9 KINGS HONG KONG LIMITED,

      Plaintiff,

-against-

BEYOND MASKS, LLC, SCHIMEON A.
FREDERICK, JR., and JASON MAY,

      Defendants.

_____ x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/19/2021
```

21 Civ. 3155 (CM)

## SCHEDULING ORDER

McMahon, J.:

      This is a breach of contract action for failure to deliver, in early 2021, certain PPE gloves ordered by plaintiff, a Hong Kong limited liability company whose sole member is another Hong Kong limited liability company, from defendant Beyond Masks LLC, a Florida limited liability company. Exactly who is/are the member(s) of the Hong Kong LLC that is the sole member of plaintiff is not alleged; neither is it alleged who the members of defendant Beyond Masks, LLC are. Defendant Frederick is alleged to be the Registered Agent and Manager of Beyond Masks; Defendant May is alleged to be a "manager" and "agent" of Beyond Masks.

      Plaintiff seeks damages in the amount of $580,500 plus interest; it also seeks to turn what appears to this court to be a garden variety breach of contract case into a fraud case against the two individual defendants.

      Notwithstanding the fact that the State of New York has absolutely nothing to do with the underlying transaction or this business dispute, the Sale and Purchase Agreement (SPA) on which this lawsuit is founded (Complaint, Ex. A) contains a term in which the "Parties" to the agreement consent to the exclusive jurisdiction of the state and federal courts in New York to resolve disputes arising thereunder and agree to waive the obvious venue objections that could be interposed in this matter.

      The complaint in this action was filed on April 12, 2021. (Docket #1). Service was effected on April 22, answers were due on May 13. (Docket # 23, 24, 25).

      The court first became aware of the case today, when I received a letter from Defendant May, dated May 18, 2021, which states, in its entirety, "I wish to contest this court's jurisdiction over me. I have never conducted business in New York. I have never resided in New York."

(Docket #30). Since Mr. May appears to be proceeding *pro se* – and in this Circuit we give pro se litigants the benefit of every doubt -- I deem this document to be a motion to dismiss the complaint for lack of personal jurisdiction over Mr. May and for improper venue, or in the alternative for the transfer of the case as insofar as it alleges claims against Mr. May to the Southern District of Florida, where Beyond Masks allegedly has its offices (Complaint, ¶ 6). Mr. May's district of residence is not alleged in the complaint, although he is alleged to reside somewhere in the State of Florida.

The Docket also contains a response to Mr. May's letter from Plaintiff's counsel. This letter explains the basis for Plaintiff's assertion of diversity jurisdiction. (Docket #31) It does not address the real issues suggested by that letter, which are that this court lacks personal jurisdiction over Mr. May and venue in this court is proper as to him.

In response to these letters, I enter the following order:

(1)    Mr. May has made a motion that may have merit. Mr. May is not a "party" to the SPA; he did not sign the document; and his name appears nowhere thereon. Only the "Parties"  to the SPA – a term defined in the Preamble to the SPA, which definition is limited to Plaintiff and Defendant Beyond Masks – have consented to personal jurisdiction in New York, a state wholly unconnected with the underlying contract dispute or with the alleged  "fraud" that is the sole basis for any claim asserted against Mr. May. Whether the corporation's consent to personal jurisdiction in New York binds Mr. May is a complicated question that depends on facts yet to be developed. Based solely on what the court knows today, the answer would be no.

(2)    Represented parties, unlike pro se litigants, do not get the benefit of the doubt from this court. The letter at Docket #31 is not a sufficient response to the letter at Docket #30; indeed, as noted above, it does not respond to the issue raised by Mr. May's letter at all. Plaintiff's counsel is directed to treat the May 18 letter from Mr. May as a motion to dismiss for lack of personal jurisdiction over HIM, or for improper venue as to HIM, or in the alternative to transfer the case as against him to the Southern District of Florida or such other district in which he (i.e., Mr. May) resides. Plaintiff of course has the burden of proving that jurisdiction over Mr. May exists, and the SPA certainly does not establish it. Therefore, Plaintiff may have 90 days to respond to the motion, during which time Plaintiff may take discovery from Mr. May, limited to issues related to this court's personal jurisdiction over him. This discovery MAY NOT extend to the merits of the underlying dispute. Plaintiff's response to Mr. May's motion must include a memorandum of law discussing the legal issues raised by Plaintiff's pro se motion, accompanied by evidence that would support a finding by this court that Mr. May has either consented to be sued for fraud in the courts of the State of New York or is otherwise amenable to this court's jurisdiction.

(3)    Mr. May needs to understand that I cannot simply throw out the case against him on the basis of his letter. He has raised a serious justiciable issue, but the Plaintiff has the right to make inquires of him to see whether there is some basis on which this court's personal jurisdiction might attach to him. Therefore, he must respond to any requests for written answers to questions, or to a notice of deposition (which deposition must be taken in the place where Mr. May resides), within thirty days after such is served on him. Mr. May only has to answer questions that relate to his relationship to Beyond Masks and his dealings with the State of New York; he does not have

to answer any other questions. If he is asked to produce documents to prove his assertions about his residence or his relationship to Beyond Masks, he must do so, against within 30 days of receiving such a request.

(4)    The court strongly recommends that Mr. May hire counsel to represent him, but advises Mr. May that he may, if he wishes, represent himself. If he does represent himself, he is responsible for complying with all orders of the court and the rules of practice in this court, including the Federal Rules of Civil Procedure and my Individual Rules, which can be found on the Southern District of New York web page. Mr. May should understand that the court cannot and will not give him legal advice.

(5)    Beyond Masks, over which the court has undoubted jurisdiction, has appeared in this action by counsel. So has Schimeon A. Frederick Jr., who may or may not stand in a different position with respect to personal jurisdiction than does Mr. May, in that he signed the SPA on behalf of Beyond Masks, and as its Registered Agent and representative. At present answers are due from these defendants tomorrow, May 20, 2021 (Docket # 29). The court is prepared to extend time as necessary in light of this scheduling order, since the litigation will not be proceeding until we clarify the status of Mr. May.

(6)    At present the court does not have any contact information for Mr. May – no address, no email. And yet Mr. May actually managed to file his letter motion on ECF. I suspect that counsel for the other two defendants assisted him. Counsel for defendants has until this Friday, May 21, 2021, to file with the Clerk of Court an address, email and phone number for Mr. May or a declaration on oath attesting to the fact that neither counsel nor his clients has any idea how to contact Mr. May. Mr. May should be aware that if he does not provide the court with contact information – and keep that information up to date – he risks sanctions or even default.

IT IS SO ORDERED

Dated: May 19, 2021

_____
U.S.D.J.


BY ECF TO ALL COUNSEL