UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 9 KINGS HONG KONG LIMITED,<br><br>    Plaintiff,<br><br>vs.<br><br>BEYOND MASKS, LLC,<br>SCHIMEON A. FREDERICK, JR., AND<br>JASON MAY,<br><br>    Defendants. | CIVIL ACTION NO. 1:21-CV-03155-CM<br><br><br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES** |

Defendants, BEYOND MASKS, LLC ("BEYOND MASKS") and SCHIMEON A. FREDERICK, JR. ("FREDERICK"), pursuant to Federal Rules of Civil Procedure 8(b) and 8(c), file their Answer and Affirmative Defenses to the Complaint filed by Plaintiff, 9 KINGS HONG KONG LIMITED ("9 KINGS"), and state as follows:

**ANSWER**

1.  The Defendants admit that this action arises under New York common law and the New York UCC, but deny the remaining allegations in said paragraph.

2.  The Defendants lack knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 2 of the Complaint.

3.  Admitted.

4.  The Defendants lack knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 4 of the Complaint.

5. The Defendants admit that the Plaintiff was represented by Nicholas Matfus, among others.

6. Admitted.

7. The Defendants deny that FREDERICK made certain fraudulent representations, but admit the remaining allegations in paragraph 7 of the Complaint.

8. The Defendants deny that JASON MAY ("MAY") made certain fraudulent representations, but admit the remaining allegations in paragraph 8 of the Complaint. Denied that this Court has personal jurisdiction over SCHIMEON A. FREDERICK, JR.

9. Admitted.

10. Admit as to BEYOND MASKS and FREDERICK.

11. Admitted.

12. Admitted.

13. Admitted (based on what MAY was advised by third parties).

14. Denied.

15. Admitted (based on what MAY was advised by third parties).

16. Admitted (based on what MAY was advised by third parties).

17. Denied.

18. Admitted.

19. Admitted.

20. Denied.

21. The Defendants lack knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 21 of the Complaint.

22. Admitted.

23. Admitted (based upon what MAY was advised by third parties).

24. Admitted (based upon what MAY was advised by third parties).

25. The Defendants lack knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 25 of the Complaint.

26. Admitted (based upon what MAY was advised by third parties).

27. Denied.

28. Admitted (based upon what MAY was advised by third parties).

29. Denied.

30. Admitted (based upon what MAY was advised by third parties).

31. Admitted (based upon what MAY was advised by third parties).

32. Denied.

33. Admitted (based upon what MAY was advised by third parties).

34. Admitted (based upon what MAY was advised by third parties).

35. Admitted.

36. Admitted.

37. Admitted (based upon what MAY was advised by third parties).

38. The Defendants lack knowledge or information sufficient to form a belief about the Plaintiff's allegations in paragraph 38 of the Complaint.

39. Admitted that BEYOND MASKS did not return the Plaintiff's deposit. Denied as to the remaining allegations in paragraph 39.

40. Admitted (based upon what FREDERICK was advised by third parties).

41. Denied.

42. Admitted. However, BEYOND MASKS' financial inability to return the subject deposit was due to the misrepresentations and breaches of third parties.

43. Admitted.

44. Admitted.

45. Inadmissible settlement negotiations.

46. Inadmissible settlement negotiations.

47. Inadmissible settlement negotiations.

48. Inadmissible settlement negotiations.

49. Inadmissible settlement negotiations.

50. Inadmissible settlement negotiations.

51. Denied.

52. Admitted.

53. Admitted.

54. Inadmissible settlement negotiations.

55. Inadmissible settlement negotiations.

56. Inadmissible settlement negotiations.

57. Denied.

58. Admitted.

59. Admitted.

60. Admitted.

61. Admitted.

62. Admitted.

63. Admitted.

64. Admitted.

65. Admitted.

66. Admitted.

67. Denied.

68. No response required.

69. Admitted.

70. Admitted.

71. Admitted.

72. Denied.

73. Denied.

74. No response required.

75. Admitted.

76. Denied.

77. Objection. Legal conclusion.

78. Objection. Legal conclusion.

79. No response required.

80. Admitted.

81. Admitted.

82. Admitted.

83. Objection. Legal conclusion.

84. Objection. Legal conclusion.

85. Denied.

86. Denied.

87. No response required.

88. Denied.

89. Denied.

90. Admitted.

91. Admitted (based on what FREDERICK and MAY were advised by third parties).

92. Denied.

93. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### WAIVER AND ESTOPPEL

Plaintiff has waived its right to recover consequential damages, including lost profits, from BEYOND MASKS, pursuant to Paragraph 8(c) of the SPA; accordingly, Plaintiff is estopped from asserting such claims.

### SECOND AFFIRMATIVE DEFENSE
### WAIVER AND ESTOPPEL

Plaintiff has waived its right to recover punitive damages, including lost profits, from BEYOND MASKS, pursuant to Paragraph 8(c) of the SPA; accordingly, Plaintiff is estopped from asserting such claims.

### THIRD AFFIRMATIVE DEFENSE
### FAILURE TO STATE A CLAIM UPON WHICH
### RELIEF CAN BE GRANTED
### F.R.C.P. 12(b)(6)

Count IV of Plaintiff's complaint fails to state a cause of action for fraud. Its allegations of fraudulent conduct occurred subsequent to its remittance of the $585,500 deposit. Such allegations are inconsistent with and belie Plaintiff's allegation that it relied upon the Defendants' misrepresentations to its detriment. In fact, the Defendants' potential liability does not exceed the

amount of said deposit as a matter of law. Furthermore, Plaintiff has failed to satisfy the heightened standard of pleading fraud pursuant to Federal Rule of Civil Procedure 9(e).

## DEMAND FOR JURY TRIAL

Defendants, BEYOND MASKS, LLC and SCHIMEON A. FREDERICK, JR., hereby demand a trial by jury of all issues so triable as a matter of right herein.

Dated: May 26, 2021.

                                          Respectfully Submitted,

                                          By:    /s/ James L. Weintraub
                                              James L. Weintraub, Esquire
                                              James L. Weintraub, P.A.
                                              931 NW 9th Court
                                              Boca Raton, FL  33486
                                              Office: (561) 452-1233
                                              Fax: (800) 878-7872
                                              Email: jim@jlwpa.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on May 26, 2021. Notice of this filing will be sent to all parties and their counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          By:    /s/ James L. Weintraub
                                              James L. Weintraub